Charles Leroy **MELQUIST**, Petitioner-Appellant,

v.

Frank J. **PATE**, Warden, Illinois State Penitentiary, Respondent-Appellee.

No. 16284.

United States Court of Appeals
Seventh Circuit.

July 24, 1968.

John Powers Crowley, Joseph E. Mc-Hugh, Chicago, Ill., for appellant.

William G. Clark, Atty. Gen., of Illinois, Robert F. Nix, Asst. Atty. Gen., Chicago, Ill., William V. Hopf, State's Atty., of DuPage County, Ill., Wheaton, Ill., for respondent-appellee; John J. O'Toole, Asst. Atty. Gen., Edward W. Kowal, Asst. State's Atty., of DuPage County, of counsel.

Before SCHNACKENBERG, SWYGERT and FAIRCHILD, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Charles Leroy Melquist, petitioner (also described as "defendant"), has appealed[1] from an order of the district court entered September 16, 1965 which denied his petition for writ of habeas corpus filed September 10, 1965, as amended.

In this court, counsel for both parties hereto agree with the following statement of facts:

As a result of a telephone call, defendant went to the Addison Police Department in Addison, Illinois, about 11:30 P.M. on Sunday, November 16, 1958. The following morning [November 17], between the hours of 12:15 A.M. and 1:15 A.M., the defendant was questioned by William Deveaney, a sergeant in the Addison Police Department, in regard to the murder of Bonnie Lee Scott. The questioning was temporarily interrupted about 1:15 A.M. only to resume about 2 A.M. At approximately 3:15 A.M. defendant was released by the police with directions to return to the station at 10 A.M.

Defendant returned to the Addison Police Station at approximately 10 A.M. as directed, and throughout the day [November 17] was subject to questioning, first in the Police Station, then in the offices of John Reed and Associates in Chicago, Illinois, and finally in the office of Frank Ferlic, State's Attorney [sic] of Cook County, Illinois. Statements were made by defendant in Reed's office and in Ferlic's office. At approximately 11 P.M. [November 17] defendant was taken from the State's Attorney's office of Cook County to the Bedford Park Police Station in Bedford Park, Illinois, by Chief Smith of the Cook County Sheriff's Police and John Roche, Supervising Captain of the Cook County Sheriff's Department.

The record shows that at some time after 10 A.M. on November 18, 1958 Judge Abraham L. Marovitz of the Criminal Court of Cook County, Illinois, ordered the issue of a writ of habeas corpus and that the petition for the writ had been presented to the clerk of the Criminal Court at 9:36 A.M. on said date. The record further shows that Judge Marovitz on the same date, November 18, ordered the writ quashed and the petition dismissed.

After 10 A.M. on November 18, 1958, Chief of Police Holler of Villa Park, DuPage County, and deputy sheriffs Mertes and Lang of DuPage County went to the Cook County sheriff's office in Bedford Park. At that time defendant was in the custody of the Cook County sheriff's police.

Captain Hederman of the Cook County sheriff's police called Chief deputy sher-

---

1. The district court ordered that petitioner's motion for a certificate of probable cause, which it allowed was to be considered as a notice of appeal.

iff Smith of Cook County about 9 A.M. on November 18 and told him that attorney McDonnell had told him he had a writ to produce defendant. Smith called the office of the deputy sheriff of Cook County three times (the last at 10 A.M.) and learned that no writ had been filed. After 10 A.M. defendant was transported in Smith's car from Bedford Park to the Villa Park police station in DuPage County where they arrived at about 11 A.M.[2]

Mertes, deputy sheriff of DuPage County, who had accompanied defendant from Bedford Park in another car, served defendant with an arrest warrant issued by DuPage County Justice of the Peace Daw that morning. Defendant was then sitting in Smith's car and custody of him was turned over to Chief Holler.

Captain Roche was deputized as a deputy sheriff of DuPage County. He was not aware of a writ of habeas corpus before he turned over custody of defendant to Holler. Chief deputy sheriff Smith of Cook County was first informed that a writ had been issued after the defendant had been arrested and turned over to the DuPage County authorities. From the time defendant was turned over to Mertes at the place where the body was found, he was not in the custody of Cook County officers.

We agree wth the attorney general of Illinois when he says that the writ of habeas corpus issued by Judge Marovitz was what is commonly known as a booking writ, the purpose of which is either to compel the authorities holding a suspect to release him or to formally arrest him in order that there may be a preliminary hearing to determine whether a crime had been committed and that probable cause existed for the arrest of the person for whose benefit the writ was issued. However, in the case at bar petitioner Melquist was arrested on a warrant charging him with

the crime of murder in DuPage County, where the warrant was issued. Even though it is probable that the DuPage County authorities were not actually aware of the issuance of the writ of habeas corpus in Cook County, that fact is irrelevant. Actually the DuPage County authorities in effect acceded to the demands of the Cook County writ of habeas corpus by booking petitioner as required by the writ, which was later quashed.

Petitioner was properly arrested by DuPage County officials and his detention by them was legal. The order of the district court from which petitioner has appealed is affirmed.

Order affirmed.

---

2. In the car were also officer John Roche of the Cook County sheriff's office, Chief Holler and deputy Lang of DuPage County. The defendant was handcuffed to Roche and Holler.